■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACQUELINE TARRANT, Also Known as LINDA JOHNSON, Appellant. [665 NYS2d 853] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered on or about September 29, 1995, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. (*See, Anders v California*, 386 US 738; *People v Saunders*, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Murphy, P. J., Sullivan, Wallach, Tom and Andrias, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL CABASSA, Appellant. [665 NYS2d 851] —Judgment, Supreme Court, New York County (Thomas Galligan, J.), rendered July 14, 1993, convicting defendant, after a jury trial, of attempted murder in the first degree, three counts of attempted assault in the second degree, criminal use of a firearm in the first degree and criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 25 years to life and 5 to 10 years on the attempted murder and criminal use of a firearm convictions, respectively, to run consecutively to a term of 3 to 6 years on the weapon possession conviction and consecutively to three concurrent terms of 2 to 4 years on the attempted assault convictions, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The challenged portions of the prosecution's summation do not warrant reversal (*People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). Concur—Murphy, P. J., Sullivan, Wallach, Tom and Andrias, JJ.